VOGT *v.* COTTIER.

APPEAL AND ERROR—DISMISSAL—PARTITION.

> After sale of the property in a partition suit, and after a re-
> sale, in pursuance of which the purchaser paid $3,050, obtain-
> ing a deed, and the sale being confirmed, three of the defend-
> ants appealed, and were required by the court, on motion, to
> perfect the record. Seven months elapsed after the making
> of the order remanding the record without appellants com-
> plying with its terms. Although they attempted to excuse
> the delay on the theory that one of the codefendants caused
> the delay, it had been within their power at any time to
> compel some action. *Held,* that the appeal should be dis-
> missed for failure seasonably to prosecute it.

Partition by Etta Vogt against Ida Vogt Cottier and
others. Part of the defendants appeal. On motion to
dismiss. Submitted April 3, 1912. (Calendar No.
24,676.) Motion granted May 3, 1912.

*Edward S. Grece,* for the motion.

*Thomas A. Conlon, contra.*

BROOKE, J. A motion is made by complainant and
appellee that the appeal be dismissed. It appears that in
the proceedings in the circuit court, where a partition was
sought, the defendants were represented by solicitors;
that a sale and resale of the property was had; that upon
the final sale in August, 1910, the property brought $3,050,
which was paid to the commissioner, the sale confirmed,
and the deed made to the purchaser who recorded it. There-
after, without obtaining an order of substitution, three of
the defendants, one or more of whom are in possession of the
property, employed a new solicitor, who attempted to per-
fect an appeal. A record in the cause was presented to
this court at the opening of the October, 1911, term of
court. A motion to remand having been made by one of

the defendants, an examination of the record was made, and it was found to be defective. On October 5, 1911, an order was made remanding the record for resettlement in accordance with the rules and practice of said court. Since that order was made, nearly seven months have elapsed, and the perfected record is not yet in this court. We are unable to find that the delay is attributable in any way to appellee. The affidavit of the solicitor for the appellants would seem to place the blame upon one of the defendants who has not appealed. It seems clear to us that, under the applicable rules and practice, appellants have, since the date of the order remanding the record, had it in their power at all times to compel such attention from their codefendant as would have resulted in seasonable action.

The case is one of extreme hardship to one not a party to the record. The purchaser at the sale held in August, 1910, has paid the amount of the purchase price, $3,050, which is still in the hands of the commissioner. He has been unable to secure a return of his money, and the pendency of the appeal prevents him from securing possession of the property which the affidavits show is held by the appellants, without the payment of rent or taxes.

Many reasons for dismissal are urged by the appellee. We find it unnecessary to consider them further. The failure of the appellants to seasonably prosecute their appeal is sufficient to warrant its dismissal.

The appeal is dismissed, with costs of the motion.

MOORE, C. J., and STEERE, McALVAY, BLAIR, STONE, OSTRANDER, and BIRD, JJ., concurred.